# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LUIS J. VILLAFAÑE-ORTIZ, et. al.

    Plaintiffs

        v.

UNITED STATES OF AMERICA

    Defendant

**CIVIL NO. 04-2413 (SEC/GAG)**

## **MEMORANDUM OPINION AND ORDER**

Defendant's *Motion to Dismiss and/or For Summary Judgment* (Docket No. 25) is hereby granted pursuant to Fed. R. Civ. P. 56 (c), as there lie no genuine issues of material fact in the record. First Circuit precedent, specifically, Rodríguez v. United States, 54 F. 3d 41 (1st Cir. 1995), governs the Court's ruling. Assuming that the investigation leading to plaintiff's arrest was negligent, the United States is entitled to assert the conditional privilege accorded arrests effected pursuant to a valid warrant. Id. at 45, 47-48. There is no dispute here as to the fact that the arrest warrant named Luis Villafañe [*Rivera*] as the arrestee. Plaintiff's name is Luis Villafañe [*Ortíz*]. During the investigation, DEA agents obtained an address for Villafañe Rivera, who could not be found at the same. See Defendant's Statement of Uncontested Facts ¶6 (Docket No. 26). Subsequently, the agents went back to the Port Authority Security office, where a supervisor provided them with the address of plaintiff Villafañe Ortíz. See id at ¶7. Based on this new information, the DEA agents executed the arrest warrant. See id at ¶8. None of the above facts are materially contested by plaintiff.

Conditional Privilege lies where (1) plaintiff was "sufficiently named" in the arrest warrant, and, (2) the arresting officers reasonably believed he was "the person intended" in the warrant. The first prong is met. Despite a different second surname, both individuals are named *"Luis Villafañe"*. The second prong is also met. Here, the arresting officers executed the arrest warrant at the address provided by the airport supervisory personnel. More so, a Luis Villafañe, the plaintiff, indeed resided at said address. The fact that the arresting agents did not, at the time, carry a photograph is inconsequential. While the same could have certainly aided the agents in the performance of their task, sufficient information existed notwithstanding for the arresting agents to reasonably assume plaintiff was the person named in the arrest warrant.

In addition, based on the uncontested facts discussed above, the discretionary function exception of the FTCA bars the plaintiff's claims insofar these are grounded on a theory of negligent investigation. See Nogueras Cartagena v. United States, 172 F. Supp. 2d 296, 317-318 (D.P.R. 2001). Otherwise, the Court, on its own hindsight would be telling the DEA agents how to investigate their cases.

Because, co-plaintiff's claims are derivative to that of plaintiff, these are precluded as well. Accordingly, this case is hereby dismissed in its entirety. Judgment shall be entered accordingly.

The Court is extremely cognizant of plaintiff's unfortunate predicament. This is one of those unfortunate circumstances, however, where the applicable law does not provide a remedy, and hence, the Court cannot fashion one. Although "it would be inhumane not to feel a sense of outrage over the [plaintiff's arrest], or a sense of deep sympathy for his family members, . . . the question is one of federal law, not one of sympathy." Ramos Piñero v. Commonwealth of Puerto Rico, 2005 WL 713327 * 1 (D.P.R.).

**Civil 04-2413 (SEC/GAG)**                    2

**SO ORDERED.**

In San Juan, Puerto Rico this 29th day of March, 2006.


                                        *S/ Gustavo A. Gelpi*
                                        GUSTAVO A. GELPI
                                        United States Magistrate-Judge